**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION**

PAULA HOWE,                                    )
                                               )
                    Plaintiff,                 )
                                               )
        v.                                     )        No. 11-5118-SSA-CV-SW-MJW
                                               )
MICHAEL J. ASTRUE, Commissioner,               )
Social Security Administration,                )
                                               )
                    Defendant.                 )

## ORDER

Plaintiff Paula Howe seeks judicial review,[1] of a final administrative decision denying
plaintiff disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*.
Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the
Commissioner of the Social Security Administration under Title II.   The parties' briefs are fully
submitted, and an oral argument was held on December 4, 2012.   The complete facts and
arguments are presented in the parties' briefs and will not be repeated here.

### Standard of Review

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial
of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are
> supported by substantial evidence on the record as a whole.   Substantial evidence is less
> than a preponderance, but is enough that a reasonable mind would find it adequate to
> support the Commissioner's conclusion.   In determining whether existing evidence is
> substantial, we consider evidence that detracts from the Commissioner's decision as well
> as evidence that supports it.   As long as substantial evidence in the record supports the
> Commissioner's decision, we may not reverse it because substantial evidence exists in the
> record that would have supported a contrary outcome or because we would have decided
> the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

---

[1]With the consent of the parties, this case was assigned to the United States Magistrate
Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8ᵗʰ Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8ᵗʰ Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

## Discussion

Plaintiff appeals the decision of the Administrative Law Judge (ALJ) which determined that she was not disabled as defined by the Social Security Act. Plaintiff alleges the ALJ failed to give proper weight to the opinions of her two treating physicians, and erred in dismissing her credibility and in determining that she retained the residual functional capacity (RFC) to perform a range of light work. The Commissioner argues that plaintiff's allegations of disabling symptoms were not credible and that the opinions of the treating physicians were properly discounted because they were not supported by medical evidence and were inconsistent with their own treatment notes. The Commissioner further argues that the ALJ properly determined plaintiff's RFC and relied on the vocational expert testimony in determining that plaintiff could perform other work that exists in significant numbers in the national economy.

Upon review, this Court finds the ALJ's decision is not supported by substantial evidence in the record as a whole. In 2000, plaintiff was involved in a plane crash which resulted in her suffering a head injury. The Medical Source Statements (MSS's) provided by plaintiff's two treating physicians, Drs. Pendergrass and Wade, indicate plaintiff has disabling limitations. A treating physician's opinion regarding an applicant's impairment will be granted substantial weight unless it is unsupported by medically acceptable clinical or diagnostic data. Perks v.

2

Astrue, 687 F.3d 1086, 1093-94 (8th Cir. 2012).   Here the ALJ erred in discounting the opinions of plaintiff's treating physicians.

Accordingly, this case is remanded to the Commissioner to properly consider the MSS's of plaintiff's treating physicians.   To assist the Commissioner in this review, clarification of the medical source opinions from plaintiff's treating doctors Pendergrass and Wade is required. Specifically, a narrative indicating the basis for the doctors' medical source opinions, including medical treatment history and any objective medical testing that was done should be requested.. This clarification is necessary because the checklist format of the MSS makes it difficult to determine whether the doctors' statements are supported by treatment and objective testing or if their opinions are based on plaintiff's self-reporting.

**Conclusion**

Therefore, after carefully reviewing the record, this Court find the administrative record is not sufficiently developed to make a determination regarding Howe's disability.   See Battles v. Shalala, 36 F.3d 43, 45 (8th Cir. 1994) (determination of when the Commissioner has failed to develop the record is made on a case-by-case basis).   This case is remanded for further development of the evidence as set forth above.

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is reversed and this case is remanded to the Commissioner, pursuant to Sentence 4, for further consideration and development of the record.

Dated this 20th day of December, 2012, at Jefferson City, Missouri.


/s/  *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge

3